(No. 4593—

RAYMOND W. KLASEN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 25, 1954.*

CAPELLE H. DAMRELL, Attorney for Claimant.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

TOLSON, C. J.

On December 16, 1953, claimant filed his petition asking for an order directing the Treasurer of the State of Illinois to pay him the sum of $678.16 for compensation due him by reason of his services in the armed forces during World War II.

The record consists of the complaint with attached exhibits; certified copy of Court-Martial proceedings, recharacterization orders; claimant's domestic and foreign service records, and stipulation in lieu of evidence. The Court, for good cause shown, allowed the motion of claimant and respondent to waive the filing of brief and argument.

The facts in the case are as follows:

On March 5, 1941, claimant was a resident of the State of Illinois, and on said date was inducted in the United States Army at Elgin, Illinois.

On December 20, 1945, claimant was tried and found guilty by a General Court-Martial (CM 284007) of rape and murder in violation of Article of War 92; and was sentenced to a dishonorable discharge, total forfeitures, and confinement at hard labor for the term of his natural life (General Court-Martial Order No. 24, Headquarters Army Air Forces Western Flying Training Command, Randolph Field, 20 December, 1945). On March 27, 1951, claimant filed an application for a new trial, and, on July 19, 1951, the findings and sentence of said Court-Martial having been vacated, a new trial was granted. By order of the Secretary of the Air Force, dated Jan-

uary 9, 1952, all rights, privileges and property of which accused had been deprived, by virtue of the aforesaid findings and sentence so vacated, were restored to him, and an honorable discharge was substituted for the dishonorable discharge previously executed.

This petition is before the Court of Claims by virtue of Chap. 126½, Sec. 65, Ill. Rev. Stats., which reads as follows:

"Consideration of claims where claimant was ineligible during period for filing claims. Any person who had a claim which would have been compensable by the Service Recognition Board, except that during the period for filing claims such person was ineligible by reason of a dishonorable discharge from service, who, prior to July 1, 1953, has or shall have such discharge reviewed and has obtained or shall obtain an honorable discharge, shall be entitled to have such claim considered by the Court of Claims and to have an award on the same basis as if his claim had been considered by the Service Recognition Board."

There is no dispute in the record but what complainant served 26 months and 5 days in domestic service, and 27 months and 23 days in foreign service. According to the provisions of Ill. Rev. Stats., Chap. 126½, Sec. 27, claimant would have been entitled to the sum of $678.16, had he been able to perfect his claim with the Service Recognition Board.

On May 20, 1953, the Legislature enacted Sec. 65 of Chap. 126½, heretofore set out in full, authorizing the Court of Claims to consider and make awards in the same manner as the Service Recognition Board.

This Court, therefore, finds that claimant has in all respects qualified himself, and is entitled to an award in the amount of $678.16.

An award is, therefore, made to claimant, Raymond W. Klasen, in the sum of $678.16.